GILREATH v. GREENVILLE COUNTY.

Dieting Prsioners—Sheriff—Statutes—Greenville Co.—Where an act is so drawn as to make all its parts dependent on each other, so that it appears that the legislature would not have enacted one without the other, the whole act is void if a part is unconstitutional, and under this rule the acts of 1896, 1897 and 1898, amending Rev. Stat. 2561, affecting the dieting fees of the sheriff for Greenville County, are unconstitutional, and the sheriff is entitled to thirty cents per day for dieting prisoners, under Rev. Stat. 2561.

Before Benet, J., Greenville, April, 1901. Affirmed.

Action by P. D. Gilreath against Greenville County. From judgment for plaintiff, defendant appeals.

*Messrs. Heyward, Dean & Earle,* for appellant, cite: Rev. Stat., 2561; 22 Stat., 226; 59 S. C., 110.

*Mr. B. A. Morgan,* contra, cites: 59 S. C., 110; 22 Stat., 226, 494, 739; art. III., sec. 34, sub-div. XII., Con.; 60 S. C., 501; 28 S. E. R., 15.

March 11, 1902.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   This case was heard by his Honor, Judge Benet, upon an agreed statement of facts which presented the single question of law, whether the plaintiff, as sheriff of Greenville County, was entitled to charge the county thirty cents per day for dieting prisoners, on its account, while in jail.   The Circuit Judge held that the plaintiff was entitled to charge thirty cents per day and was not limited to a charge of twenty cents per day as contended for by the defendant, and rendered judgment accordingly.   From this judgment the county appeals upon the single ground that there was error in so holding.

It is conceded that under the provisions of sec. 2561 of the Rev. Stat. of 1893, the compensation allowed sheriffs for dieting prisoners while in jail was thirty cents per day. Unless, therefore, this statutory provision has since been altered or repealed by some valid legislation, there can be no doubt that the judgment of the Circuit Court was right.   It is contended, however, by the appellant that the provisions contained in the Rev. Stat. above referred to has been altered by the act of 1896 (22 Stat., 226), as amended by the act of 1897 (22 Stat., 494), and by the acts of 1898 (22 Stat., 739 and 740).   To this contention the respondent replies that the act of 1896, as well as the acts amendatory thereof, are unconstitutional and void, and have been so held to be in the case of *Dean* v. *Spartanburg County,* 59 S. C., 110, recognized and followed in the subsequent case of *Nance* v. *Anderson County,* 60 S. C., 501.   Counsel for appellant undertake to differentiate this case from the case of Dean *v.* Spar-

tanburg County, by contending that the only question in that case was as to the provision relating to Spartanburg County, which was specially mentioned in sec. 2 of the act 1896 as one of the counties exempt from the operation of the act by virtue of the *proviso* to that section, which infected the act with the vice of unconstitutionality; while here a very different question is presented, for here the question relates to the county of Greenville, which was *not* mentioned in the second section of the act, and was not, therefore, intended to be exempted from the operation of the act; and hence the provisions of the first section, which if it stood alone would be free from any constitutional infirmity, would, therefore, effect a change in the previous law, whereby the charge for dieting prisoners in jail would be reduced from thirty to twenty cents per day. This position rests upon the doctrine that it is competent for a court to declare one portion of a statute unconstitutional, leaving the other portions of the statute, not infected with any constitutional infirmity, valid. But, says Judge Cooley in his valuable work on Constitutional Limitations, at pp. 178-9, this doctrine is subject to several qualifications, one of which, in speaking of a statute containing several provisions, he states as follows: "If they are so mutually connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect, the legislature would not pass the residue independently; then if some parts are unconstitutional, all the provisions which are thus dependent, conditional or connected, must fall with them." Now, it is obvious that the act of 1896 shows on its face that the legislature did not intend to pass such an act except upon the conditions and exceptions stated in the *proviso* to the second section, the effect of which was to deprive the act of its character as a general law, whereby the whole statute became unconstitutional. For, as is said by Mr. Justice Gary in delivering the opinion of this Court, in the case of Dean *v.* Spartanburg County: "In order that

a law may be general, it must be of force in every county in the State; and while it may contain special provisions, making its effect different in certain counties, those counties cannot be exempt from its entire operation." When, therefore, it was declared by the *proviso* to the second section, that "The provisions of this bill (?) (meaning act, of course,) shall not apply to the" twenty-three counties named therein, it deprived the statute of its character as a general law, and rendered the entire statute unconstitutional and void. The fact, therefore, that the county of Greenville was not one of the counties exempted from the operation by the proviso to the second section, cannot effect the question.

We agree, therefore, with the Circuit Judge, that this case must be controlled by the decision in Dean *v.* Spartanburg County, and are of opinion that there was no error in following that case.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.