## STATE v. BARDEN.

1. SELLING CROP UNDER LIEN—MISDEMEANOR—CONSTITUTION—WORDS AND PHRASES—RENT COTTON.—The provisions of Criminal Code, sec. 277, is not in contravention of art. I., sec. 24, of Constitution, and the word "debt" therein used includes cotton due by tenant to landlord for rent covered by statutory lien.

2. PLEADING—DEMURRER—INDICTMENT—MISDEMEANOR.—The English rule is not in force in this State, and when a defendant demurs to an indictment charging a misdemeanor, which is overruled, he is entitled to plead over and to be tried by jury.

Before BUCHANAN, J., Edgefield, March term, 1902.
Modified.

Indictment against Jas. E. Barden for selling cotton due
Josephine Horne for rent under rent contract and raised on
her lands.   From order overruling demurrer to indictment,
and refusal of trial Judge to permit defendant to plead to in-
dictment and to be tried by jury, and passing sentence on
him, he appeals.

*Messrs. J. W. DeVore* and *S. M. Smith,* for appellant,
cite: *As to the constitutionality of sec. 277, Crim. Code:*
Con., art. I., sec. 24; 36 S. C., 502; 27 S. C., 264; 34 L. R.
A., 634.   *As to refusal of Judge to allow defendant to plead
over:* Art. I., secs. 18, 25; art. V., sec. 22.

*Solicitor J. Wm. Thurmond,* contra, cites: *As to consti-
tutionality of section:* 36 S. C., 502; 35 S. C., 353.   *As to
the refusal to plead over:* 43 S. C., 52; Bishop Crim. Prac.,
par. 784; Clark's Crim. Prac., 371; 2 Strob., 287.

May 30, 1902.   The opinion of the Court was delivered
by

MR. JUSTICE GARY.   This appeal raises two questions:
1st.   Whether the statute relative to the sale of property un-
der lien is constitutional; and 2d.   Whether a party indicted
for a misdemeanor has the right to demand a trial by jury
after interposing a demurrer to the indictment which is over-
ruled by the Court.   The record contains the following
statement of facts: "An indictment was found against the
defendant, appellant, by the grand jury for Edgefield
County, at March term of the Court of Sessions, 1902, for
disposing of property under lien.   The case was called for
trial by presiding Judge O. W. Buchanan, whereupon the
State and defense announced ready.   Before a jury was
drawn or sworn, the defense demanded that the indictment
be read, which was done by the clerk.   The defense then

demurred to the indictment, and the demurrer was overruled by the Court, and thereupon the Court proceeded to pronounce sentence upon the defendant, on motion of the solicitor.    Sentence was pronounced upon defendant over his protest, he all the while demanding a trial by jury.    This the Judge refused.    When the Judge asked the defendant if he had anything to say why sentence should not now be passed upon him, he replied: 'I want to be tried by a jury.'    This was refused and the Court pronounced sentence.    The defendant never had the opportunity to plead to the indictment, nor did the clerk or Court or any one ever ask him, 'if he was guilty or not guilty.'"

The defendant demurred to the indictment on the following grounds: "1st. That it does not state facts sufficient to constitute an offense against the laws of South Carolina, in that the section under which the indictment is brought is against art. I., sec. 24, of the Constitution of South Carolina of 1895, which is as follows: 'No person shall be imprisoned for debt except in cases of fraud.'    2. That the word 'debt' as used in the statute does not embrace or cover cotton—in other words, the word 'debt' as used in the statute must be a legal debt, and that debt must be secured by a lien. Sec. 277 of the Criminal Code, under which the indictment is brought, reads: 'Any person or persons who shall sell or dispose of any personal property on which any mortgage or other lien exists, without the written consent of the mortgagee or lienee, or the owner or holder of such mortgage or lien, and shall fail to pay the debt secured by the same within ten days after such sale or disposal, or shall fail in such time to deposit the amount of said debt with the clerk of the Court of Common Pleas for the county in which the mortgage or lien debtor resides, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be imprisoned for a term not more than two years or be fined not more than $500, or both in the discretion of the Court: *Provided,* That the provision of this section shall not apply in cases of sales made without knowledge or notice of such mortgage or lien by the person

so selling such property." When the demand was made for a trial by jury, his Honor, the presiding Judge, said: "The Court has no discretion in this matter; when you demur, you admit the facts to be true necessary to demur to. When you admit those facts and demur to the indictment and the demurrer is overruled, there is but one thing for the Court to do, that is to pass sentence."

We will first consider whether the statute under which the indictment is framed is inimical to that provision of the Constitution (art. I., sec. 24), that no person shall be imprisoned for debt except in cases of fraud. The words of the statute: "and shall fail to pay the debt secured by the same, within ten days after such sale or disposal, or shall fail in such time to deposit the amount of the said debt with the clerk of the Court of Common Pleas for the county in which the mortgage or lien debtor resides," do not in strictness constitute any part of the offense; but, on the contrary, provide the mode by which the person selling or disposing of the property under lien, may prevent the operation of the statute, *if he sees fit to avail himself of such provision.* It is in the nature of a privilege to the party selling the property and·not a requirement of the statute, that is necessary to complete the offense. But even if the foregoing words rendered the statute unconstitutional on the ground that they contravened the provision that no person shall be imprisoned for debt except in cases of fraud, there is no reason why the other portion of the statute should not remain of force. That portion of the statute which we have quoted could be eliminated without destroying the legislative intent to create an offense.

We will next consider whether the word "debt" as used in the statute has reference to the state of facts under consideration, where the persons selling the property had agreed to deliver cotton in payment of the rent for the use of the land. The object which the statute had in view forces upon us the conclusion that the present case is embraced within the provisions of the statute, and that its efficiency would be greatly

14—64

impaired by a contrary view, which we are satisfied was not contemplated by the legislature.

The last question to be considered is whether there was error in refusing the appellant the right of trial by jury. Sec. 25, art. I., of the Constitution is as follows: "The right of trial by jury shall be preserved inviolate." Sec. 22, art. V., of the Constitution provides that "all persons charged with an offense shall have the right to demand and obtain a trial by jury." Sec. 49 of the Criminal Code is as follows: "No person indicted for an offense shall be convicted thereof, unless by confession of his guilt in open Court or by admitting the truth of the charge against him by his plea or demurrer, or by the verdict of the jury accepted and recorded by the Court." Sec. 56 of the Criminal Code is as follows: "Every objection to any indictment for any defect, apparent on the face thereof, shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards." In Archibald's Cr. Pr. & Pl., vol. 1, page 381, it is said: "In misdemeanors, the judgment upon demurrer is final, and not merely that the defendant shall answer over." In the note, however, to this statement of the law we find the following: "In the United States, the general practice has been in such cases, where there is on the face of the pleading no admission of criminality on the part of the defendant, to give judgment *quod respondeat ouster,* and the English distinction does not seem to be recognized." Citing *Com.* v. *Goddard,* 13 Mass. Rep., 456; *Foster* v. *Com.,* 8 Watts & Serg., 77, and *Com* v. *Barge,* 3 Pa. Rep., 262. In Foster *v.* Com., *supra,* the doctrine is thus stated: "The ruling principle of this part of the case was settled in *Barge* v. *The Commonwealth* (3 Pa. Rep., 262), in which the proper judgment on an insufficient plea of *auter fois acquit,* in a case of misdemeanor, was held to be *respondeat ouster.* There, as here, the plea was not in abatement, but in bar. The point had shortly before been ruled differently in *The King* v. *Taylor* (3 B. & C., 502), but we find nothing in the reasons for the decision sufficiently

cogent to draw us from our principle. Chief Justice Abbot put the opinion of Court on the common law rule which prohibits, where life is not jeoparded, the use of more pleas in bar than one. True it is, that the 4 and 5 Anne, c. 16, which enables a plaintiff to plead as many pleas as he has grounds for defense, is expressly confined to civil cases, yet the Judges have abolished the rule in felony and treason, without the authority of a statute, so far as to allow a prisoner to plead over after an insufficient plea in bar. And it seems the exception extends to cases in which, though the judgment is capital, the felony is clergiable. According to Mr. Chitty (Crim. L., vol. 1, p. 434), though it does not extend to misdemeanors as matter of *right,* yet it is in the discretion of the Court to allow him still to plead not guilty; and this he says will be done where the punishment is severe. Listening to the voice not of humanity but justice, we have carried this discretion a single step further, by applying it to all cases without regard to the punishment, in which the plea contains no confession of facts which constitute guilt." In Bishop's Cr. Procedure, 1 vol., sec. 462, it is said: "There are statutes in various States, restricting to the mere demurrer, or to it and the motion to quash, the right to take advantage of a defect in the indictment. By these statutes, if the objection is not made in this way, it can not be made in any other way afterward. The effect of these statutes can hardly be otherwise than to induce the Courts, where they prevail, to allow greater liberty of pleading over and the like, than would be granted where the common law rules remain unimpaired." We have such statutes in this State. From the foregoing we deduce the conclusion that the English rule is not of force in this State, and that the Circuit Court erred in refusing the appellant's demand for a trial by jury.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for the purpose of carrying into effect the conclusion herein announced.