23154

The STATE, Respondent v. Douglas W. ROTHELL, Appellant.
(391 S.E. (2d) 228)

Supreme Court

*Henry F. Floyd* of *Acker, Acker, Floyd & Welmaker, P.A.,* Pickens, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Miller W. Shealy, Jr.,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Jan. 8, 1990.

Decided Feb. 5, 1990.

*Per Curiam:*

We granted the petition of Appellant, Douglas W. Rothell (Rothell), to argue against the precedent of *State v. Hertzog,* 92 S.C. 14, 75 S.E. 374 (1912). After careful consideration of Rothell's contentions, we decline to overrule *Hertzog.* However, based upon an erroneous jury charge, we reverse and remand for a new trial.

Rothell, a building contractor, was indicted under S.C. Code Ann. § 29-7-20 (Cum. Supp. 1989), for failure to pay materialmen out of construction loan funds.

Section 29-7-20 provides:

> (1) Any contractor or subcontractor who shall, for other purposes than paying the money loaned upon such contract, expend and on that account fail to pay any laborer, subcontractor or materialmen out of the money received as provided in § 29-7-10 shall be guilty of a misdemeanor . . . [1]

The trial judge instructed the jury that if it found Rothell had *commingled* the funds and, thereby, failed to pay a materialman, he would be in violation of the statute.

It is error to give instructions which may confuse or

---

[1] Section 29-7-10 requires contractors to pay laborers, subcontractors and materialmen out of building loan funds, and gives such laborers a lien on the funds received by the contractor.

mislead the jury. *State v. Leonard,* 292 S.C. 133, 355 S.E. (2d) 270 (1987). The test is what a reasonable juror would understand the charge to mean. *State v. Jackson,* 297 S.C. 523, 377 S.E. (2d) 570 (1989).

Here, the judge's instruction could have misled the jury to believe that it should convict Rothell if he had commingled construction loan funds. As "commingling" is not an element of the offense set forth in § 29-7-20, the instruction was erroneous.

Accordingly, the judgment is reversed and the case remanded for a new trial.

Reversed and remanded.