**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Frankie Lee Bryant, III, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-000876

---

Appeal from Bamberg County
James R. Barber, III, Circuit Court Judge

---

Memorandum Opinion No. 2018-MO-013
Heard January 11, 2018 – Filed March 28, 2018

---

**REVERSED**

---

Lara M. Caudy, of Columbia, for Petitioner.

Attorney General Alan M. Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia, for Respondent.

---

**PER CURIAM:**  The court of appeals reversed the post-conviction relief (PCR) court's order granting Petitioner Frankie Lee Bryant a new trial.  We reverse the court of appeals and reinstate the grant of PCR pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to ineffective assistance of counsel: *McKnight v. State*, 378 S.C. 33, 40, 661 S.E.2d 354, 357 (2008) ("In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) counsel's deficient performance prejudiced the applicant's case."); *Smith v. State*, 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006) ("In reviewing the PCR court's decision, this Court is concerned only with whether there is any evidence of probative value to support that decision."); *Smalls v. State*, Op. No. 27764 (S.C. Sup. Ct. filed Feb. 7, 2018) (Shearouse Adv. Sh. No. 6 at 45) ("We defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them.").

2. As to the jury instructions on self-defense: *State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984) (establishing the recommended jury instruction on self-defense: "Self-defense is a complete defense. If established, you must find the defendant not guilty. There are four elements required by law to establish self-defense in this case. First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life. Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance. If, however, the defendant was on his own premises he had no duty to retreat before acting in self-defense. These are the elements of self-defense."); *State v. Fuller*, 297 S.C. 440, 443, 377 S.E.2d 328, 330 (1989) ("In charging self-defense, we instruct the trial court to consider the facts and circumstances of the case at bar in order to fashion an appropriate charge."); *State v. Day*, 341 S.C. 410, 418, 535 S.E.2d 431, 435 (2000) ("As we held in *Fuller*, a trial judge should specifically tailor the self-defense instruction to adequately reflect the facts and theories presented by the defendant. A self-defense charge is erroneous where the trial court fails to charge on elements of the defense which were applicable to the issues raised by the defendant.") (internal citations omitted); *State v. Blurton*, 352 S.C. 203, 208, 573 S.E.2d 802, 804 (2002) ("Only law applicable to the case should be charged to the jury. Instructions that do not fit the facts of the case may serve only to confuse the jury."); *State v. Rothell*, 301 S.C. 168, 169–70, 391 S.E.2d

228, 229 (1990) ("It is error to give instructions which may confuse or mislead the jury.").

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**